IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



MICHAEL W. LACEY,                §
                                 §
        Plaintiff,               §
v.                               §
                                 §   No. 3:04-CV-1277-M
CITY OF DESOTO, TEXAS,           §
                                 §
        Defendant.               §

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant City of Desoto ("the City"), filed on March 10, 2006. For the reasons stated below, the Court **GRANTS** the Motion.

### I. BACKGROUND

Michael W. Lacey was hired by the City as a police officer on May 19, 1987, and is still an officer with the City. In March 2003, Lacey learned of an opening in the DeSoto Police Department Crime Investigation Division ("CID"). Lacey submitted his application and resume for the position, but was not selected. Instead, the City chose an officer under the age of thirty to fill the vacancy. Lacey submitted two other requests for positions in the CID, but never received a response to either request. In each case, the City chose officers under the age of thirty for those positions. Lacey, who was over fifty at the time of each such event, alleges that the City's decision not to select him for the CID was due to age discrimination and retaliation for activity

1

protected by the Age Discrimination in Employment Act ("ADEA").

In September 2003, the DeSoto Police Department posted a notice that five persons would be selected for the newly created position of Police Corporal. Lacey took the Civil Service exam required to apply for the position, and earned the second highest score of the officers applying for the position. However, the City promoted officers considerably younger than Lacey.

Lacey appealed the decision to the City of Desoto Firefighter's and Police Officer's Civil Service Commission (the "Commission").[1] The Commission upheld the City's decision. Lacey then sought review of the Commission's ruling in state court, claiming that the City did not have a valid reason to deny him the promotion.[2] Lacey asked the state court to issue a writ of mandamus overruling the Commission and requiring the City to promote him. Lacey argued that the reasons given by the Police Chief, the City, and the Commission were pretexts for unlawful discrimination. The state court found no illegality in the City's failure to promote Lacey, and issued a judgment in favor of the City and the Commission.

Lacey continued to work for the DeSoto Police Department. In February and March 2004, Lacey was investigated for indifference toward work and unauthorized use of City equipment. The investigation revealed that Lacey had used his cellular phone for personal

---

[1] The City of Desoto Firefighter's and Police Officer's Civil Service Commission is a body authorized by Chapter 143 of the *Texas Local Government Code*. The Commission was created by the governing body of the City of Desoto. *See* Tex. Loc. Gov't Code Ann. § 143.010(a) (Vernon 1999).

[2] A party may petition a district court to issue a writ of mandamus to a civil service commission under the Municipal Service Act. *See City of Carrollton v. Popescu*, 806 S.W.2d 268, 273 (Tex. App.–Dallas 1991, no writ); Tex. Loc. Gov't Code Ann. § 143.010(a) (Vernon 1999).

2

reasons, and he was suspended for two days without pay. He alleges that the suspension was the result of age discrimination and retaliation by the City.

Lacey was also investigated for making a false arrest and for failing to investigate prior to making an arrest in March 2004. The investigation concluded Lacey had acted improperly, and he was given the option of a sixteen-day suspension with waiver of his right to appeal to an arbitrator, or an indefinite suspension. Lacey declined to waive his right to appeal to an arbitrator and was indefinitely suspended on August 16, 2004. On June 14, 2004, prior to the City's decision to indefinitely suspend him, Lacey filed his original complaint alleging age discrimination and retaliation under the ADEA. *See* 29 U.S.C. § 626(b).

On March 25, 2005, almost a year after he filed this suit, Lacey appealed his suspension to an arbitrator. On May 25, 2005, the arbitrator determined that Lacey's suspension was improper and required the City to reinstate him and pay him lost wages and benefits from August 16, 2004.

On May 5, 2005, Lacey sought and obtained employment with the Hood County Sheriff's Department. Lacey had applied to the Texas Commission on Law Enforcement Officer Standards and Education and obtained a law enforcement commission with the Hood County Sheriff's Department. When Lacey returned to his employment with the City of Desoto, he was asked to resign his commission from Hood County because the City prohibits a police officer from maintaining commissions with two different cities. This policy is referred to as the "single commission requirement". Lacey wanted to retain his commission with Hood County so that he could volunteer his services there and maintain a relationship with its Sheriff's Department. Lacey claims that the application to him of the City's single commission requirement reflects

unlawful age discrimination and retaliation.

## II. STANDARD OF REVIEW

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Pourgholam v. Advanced Telemarketing Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence

favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625. Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

## III. ANALYSIS

Lacey complains of five actions that form the basis of his suit: (1) the denial to him of a position in the CID; (2) the failure to promote him to Corporal; (3) his two-day suspension; (4) his indefinite suspension; and (5) the application of the single commission requirement to him. Lacey claims that these five events were adverse employment actions that occurred as a result of age discrimination and retaliation for his having filed a number of EEOC[3] complaints alleging age discrimination.

---

[3] These complaints were filed with the EEOC and the Texas Commission on Human Rights. For simplicity, the Court will refer to these complaints as "EEOC complaints".

A. DENIAL OF A POSITION IN THE CID

To prove a prima facie case of age discrimination, Lacey must first prove that he suffered an adverse employment action. *See Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003); *see also Narasirisinlapa v. SBC Commc'ns, Inc.*, 3:05-CV-001-M, 2006 U.S. Dist. LEXIS 13758, at *6-7 (N.D. Tex. Mar. 29, 2006) (Lynn, J.). "Adverse employment actions" include only "ultimate employment decisions . . . 'such as hiring, granting leave, discharging, promoting, and compensating.'" *Walker v. Thompson*, 214 F.3d 615, 629 (5th Cir. 2000) (quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995) (per curiam)). An employer's action does not rise to the level of an "adverse employment action" when it does not have more than a "mere tangential effect on a possible future ultimate employment decision." *Walker*, 214 F.3d at 629.

Both Michael Brodnax, the City's Police Chief, and Gary Perkins, a Captain in the City's Police Department, stated in affidavits that the position Lacey applied for in the CID would have been a lateral transfer with no change in rank, pay, or benefits. Def. App. at 340, 351. These facts are undisputed by Lacey. The denial of a lateral transfer--with no change in rank, pay, or benefits--is not an adverse employment action. *See Webb v. Cardiothoracic Surgery Assocs., P.A.*, 139 F.3d 532, 539 (5th Cir. 1998); *cf. Hughes v. Tex. Keg Steakhouse & Bar, Inc.*, 3:05-CV-0061-M, 2006 U.S. Dist. LEXIS 11661 at *8-9 (N.D. Tex. Mar. 21, 2006) (Lynn, J.). Because the City's failure to grant Lacey a transfer to the CID is not an adverse employment action, Lacey's claims based on it fail as to his age discrimination allegation. *See Smith*, 351 F.3d at 196; *Holtzclaw*, 255 F.3d at 259.

To prove a prima facie case of retaliation, the plaintiff must provide evidence that establishes a causal link between the protected activity and the adverse employment action. *Roberson v. Alltel*, 373 F.3d 647, 655 (5th Cir. 2004). To show the causal link, the court focuses

on the intent of the final decisionmaker. *See Ackel v. National Communications*, 339 F.3d 376, 385 (5th Cir. 2003). If the employer was unaware of the employee's protected conduct, he could not have retaliated against the employee because of that conduct. *Medina v. Ramsey Steel*, 238 F.3d 674, 684 (5th Cir. 2001); *Chaney v. New Orleans*, 179 F.3d 164, 168 (5th Cir. 1999).

The protected activity, for which Lacey claims the City retaliated, occurred when Lacey filed his first EEOC complaint on November 5, 2003. Pl. Br. at 9. The adverse employment action occurred when Lacey was denied a position in the CID during the summer of 2003. Pl. Br. at 2. It is undisputed that the EEOC complaint was filed after the City did not grant Lacey a position in the CID. Since the alleged retaliation occurred after the complaint was filed, it is impossible for the City to know about Lacey's protected activity before it denied Lacey a position in the CID. Therefore, there can be no link established between Lacey's protected activity and the City's purported adverse employment action. *Chaney*, 179 F.3d at 168 ("If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.") Accordingly, Lacey's claim based on this employment action must fail as to his retaliation allegation as well.

B. FAILURE TO PROMOTE

The City contends that Lacey's age discrimination and retaliation claims based on the City's decision not to promote Lacey to Corporal are precluded by the doctrine of res judicata. In order to determine whether res judicata applies to bar this claim as a matter of law, this Court must give the state court judgment the same preclusive effect as would be given that judgment under Texas law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80 (1984).

Under Texas law, the elements of res judicata include the following: (1) a prior final judgment on the merits; (2) identity of parties; and (3) a second action based on the same claims that could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Neither party contests that the state court suit concluded with a final judgment on the merits. Thus, the Court will address only the second and third elements.

The City and Lacey were both parties in the state court suit, and both were apparently adequately represented. Thus, the identity of parties element is satisfied, and the exceptions to it do not apply. *Richards v. Jefferson County*, 517 U.S. 793, 794 (1996) (citing *Hansberry v. Lee*, 311 U.S. 32, 37 (1940)).

To determine the third element, Texas has adopted the "transactional" approach to res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631, 35 (Tex. 1992); Restatement (Second) of Judgments § 24 (1982). Under the transactional test, res judicata bars not only what was actually litigated, but also claims that could have been litigated in the original cause of action. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985). The critical issue under the transactional test is whether the two actions are based on the "same nucleus of operative facts." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

In *Hogue v. Royse City*, a police chief filed two lawsuits against a city after he was discharged, one in state court alleging wrongful discharge arising from a breach of good faith and fair dealing, and one in federal court alleging wrongful discharge under the ADEA. *Hogue v. Royse City*, 939 F.2d 1249, 1250 (5th Cir. 1991). The city claimed that the judgment against Hogue in state court precluded him from filing suit on the same matter in federal court under a different theory of recovery. The Fifth Circuit panel looked to the underlying factual issues and determined whether the suits were based on the same facts. *Id.* at 1256. The *Hogue* court

determined that "although [the plaintiff's] ADEA claim may technically be a different theory of recovery, we find it represents the same cause of action because, like the state wrongful discharge claim, it ultimately depends on whether [the city] was justified in discharging [the plaintiff]." *Id.* at 1254. Thus, the court held that res judicata barred relitigation of the employment action. *Id.*

Here, as in *Hogue*, the subject matter raised by both suits is the same–whether the City was justified in deciding not to promote Lacey to Corporal. Both involve the City's decision not to promote Lacey, despite his exam scores. The state court ruled that the City did not act on an unlawful discriminatory basis. Under res judicata, the Court must give preclusive effect to the state court judgment and bar relitigation of this claim. *Hogue*, 939 F.2d at 1254.

Lacey argues that he properly excluded the age discrimination and retaliation claims from the prior state suit because he did not receive an EEOC right-to-sue letter until March 15, 2004, after he had already filed his state court suit. A right-to-sue letter is a condition precedent to filing an ADEA claim. *See* 42 U.S.C. § 2000e-5(f)(1); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982). Lacey maintains that even if some of the allegations in the state court suit and federal suit were part of the same cause of action, the federal claims should not be barred because he was not able to bring them in the state court suit.

In *Davis*, a panel of the Fifth Circuit held that Title VII claims were barred where plaintiffs failed to take measures to avoid preclusion under res judicata while they pursued the requisite Title VII remedies. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315 (5th Cir. 2004). The court noted "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply 'with general rules governing federal litigation respecting other potentially viable claims.'" *Id.* at 319 (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992)). Because the claims in his federal action arose from the same nucleus

9

of operative facts as the claims in his state court action and because the federal claims occurred prior to Lacey filing his state court action, Lacey was on notice to include the federal claims in the state court action. *See Davis*, 383 F.3d at 316. To prevent his claims from being precluded, Lacey could have requested a stay in the state court suit until he received his right-to-sue letter. *Id.* Accordingly, res judicata bars assertion of claims related to the City's failure to promote Lacey to Corporal, and the Court **GRANTS** Defendant's motion as to these claims.

C. TWO-DAY SUSPENSION & INDEFINITE SUSPENSION

The Court assumes, *arguendo*, that Lacey can raise a genuine issue of material fact as to each required element of proof for his discrimination and retaliation claims related to his two-day suspension and his indefinite suspension. The City alleges that even if Lacey can prove age discrimination and retaliation as to these claims, there are no damages Lacey may recover under the ADEA.

Actual damages under the ADEA are limited to pecuniary losses such as lost wages and fringe benefits suffered as a result of the discrimination. 29 U.S.C. § 626(b); *see Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (citing *Kolb v. Goldring, Inc.*, 694 F.2d 869, 872 (1st Cir. 1982)). ADEA damages are "meant to put the plaintiff in the economic position he would have occupied but for the discrimination." *See Brunnemann*, 975 F.2d at 178.

An arbitrator has overturned both Lacey's two-day suspension and indefinite suspension and ordered that he be reinstated with all back pay and benefits. Def. Br. at 2; Def. App. at 37. The arbitrator's rulings have put Lacey in the economic position he would have been in but for the suspensions. *See Brunnemann*, 975 F.2d at 178. Thus, there are no back pay, front pay, or any other pecuniary damages the Court may award as a result of Lacey's two-day and indefinite

suspensions.

The ADEA also awards liquidated damages upon a finding that the employer acted willfully. 29 U.S.C. § 626(b); *Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999). These liquidated damages may not exceed the back pay award. 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b) (1994); *Smith*, 165 F.3d at 395. If there are no back pay damages, liquidated damages are not available. *See Beverly v. Desmond Hotel & Conf. Ctr.*, Civ. 02-6712, 2004 WL 163498 at *4 (E.D. Pa. Jan. 23, 2004). Because Plaintiff is not eligible for back pay, the Court cannot award liquidated damages.

Thus, Plaintiff cannot prove pecuniary damages or liquidated damages. "Summary judgment in an ADEA case is appropriate where no damages can be proven." *Beverly*, 2004 WL 163498 at *2; *see Snair v. City of Clearwater*, 817 F. Supp. 108, 112-13 (M.D. Fla. 1993). Because Plaintiff can prove no damages as to these claims, the Court **GRANTS** Defendant's motion as to these claims.

D. SINGLE COMMISSION REQUIREMENT

The City argues that Lacey's retaliation and discrimination claim based on the single commission requirement must also fail because Lacey has not rebutted its non-discrimintory, non-retaliatory reason. The Court examines ADEA age discrimination and retaliation cases under a "modified McDonnell Douglas approach." *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Cornish v. Dallas Police Ass'n*, 3:04-CV-49-M, 2005 U.S. Dist. LEXIS 32930, at *6-7 (N.D. Tex. Dec. 13, 2005) (Lynn, J.). Under this framework:

11

>The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative).

*Rachid*, 376 F.3d at 312.

The Court assumes, *arguendo*, that Plaintiff can establish a prima facie case of age discrimination and retaliation for his claim; thus, a presumption of discrimination and retaliation arises. *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). The City can then rebut this presumption by providing a legitimate, non-retaliatory, non-discriminatory reason for its actions. *See Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999). This burden is only one of production, not persuasion, and involves no credibility assessments. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

The City has advanced a legitimate non-retaliatory, non-discriminatory reason for the imposition of its single commission requirement upon Lacey. The City points to a letter dated July 12, 2004 from the Attorney General of Texas, which indicates that there are legitimate concerns associated with a police officer maintaining more than one commission at a time.[4] Def. App. at 220-23. The City provided evidence that it applied this policy to all law enforcement personnel, and had enforced it as to others before applying it to Lacey. Def. App. at 108. The City

---

[4]The letter explains that a peace officer holding a "civil office" is barred from being employed and commissioned by two law enforcement agencies. *See* Tex. Const. art. XVI, § 40. A peace officer holds a civil office within article XVI, section 40, if a sovereign function of government is conferred upon him, to be exercised for the benefit of the public largely independent of the control of others. Def. App. at 223. This test must be applied on a case-by-case basis considering facts relevant to the specific peace officer's authority. *Id.*

12

also points to affidavits given by the City Manager, Jim Baugh, and the Police Chief, Michael Brodnax, explaining the Police Department's strict enforcement of the requirement for a number of years. Def. App. at 337, 344-45.

Thus, to show pretext, Lacey must provide evidence that the City's reason was false and that discrimination was the City's actual motivation.[5] See *Scales*, 181 F.3d at 709. Lacey has not produced such evidence. Lacey's subjective belief that he was discriminated against is not enough for him to survive summary judgment. See *Nichols v. Lewis Grocer*, 138 F.3d 563 (5th Cir. 1998); *Little v. Republic Refining Co.*, 924 F.2d 93, 95 (5th Cir. 1991). Accordingly, the Court **GRANTS** the City's Motion for Summary Judgment as to Plaintiff's claims related to the City's single commission requirement.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

August 8, 2006.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[5]The Court need not engage in a mixed-motive analysis, as Plaintiff does not rely on that theory. See *Pool v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex. Dec. 6, 2005) (Lynn, J.); see also *Richardson*, 434 F.3d at 332-33 (suggesting that the mixed-motive framework only applies to cases in which the employee argues that discrimination was a motivating factor in his termination).