IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL W. LACEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | No. 3:04-CV-1277-M |
| CITY OF DESOTO, TEXAS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Michael W. Lacey's Motion for New Trial and to Amend/Alter Judgment.[1]  Lacey seeks alteration or amendment of the Court's prior summary judgment, principally on the basis of a recent Supreme Court ruling regarding the anti-retaliation provision of Title VII.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006). Lacey also challenges the Court's ruling that his claims based on the City of DeSoto's failure to promote him are barred by res judicata.  The Court **DENIES** the Motion in its entirety.

## STANDARD OF REVIEW

The Court can grant a motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e) for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Lacey's Motion seeks relief

---

[1] The Court considers the Motion to be a motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e).  *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).

primarily to correct what he alleges to be errors of law.

## CLAIMS BASED ON SUSPENSIONS

The Court previously dismissed Lacey's claims that were predicated on his suspensions from work because Lacey had been reinstated with back pay and benefits, and the Court found it lacked authority to award further relief under the Age Discrimination in Employment Act of 1967 ("ADEA"). 29 U.S.C. §§ 621–634. Lacey challenges this judgment, arguing that *White* requires reinstatement of his claims. The Court disagrees.

In *White*, the Supreme Court considered the scope of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See* 42 U.S.C. § 2000e-3(a). It decided two issues. First, it held that "the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." *White*, 126 S. Ct. at 2409. This ruling found the scope of anti-retaliation claims to be broader than the scope of Title VII *discrimination* claims, which are actionable only where the discrimination is "with respect to [an employee's] compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). Second, the Supreme Court concluded that "the [anti-retaliation] provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant." *White*, 126 S. Ct. at 2409.

The Court's ruling contravenes neither of the *White* holdings. *White* involved the anti-retaliation provision of Title VII, which allows awards of compensatory and punitive damages. 42 U.S.C. § 1981a(a)(1). Lacey's suit, in contrast, rests upon the ADEA, which allows a liquidated damage award equal to any back pay award. 29 U.S.C. §§ 216(b), 626(b). Because Lacey already received reinstatement of unpaid wages and overtime compensation, the Court is

without power to award liquidated damages. *See Beverly v. Desmond Hotel & Conference Ctr.*, No. 02-CV-6712, 2004 WL 163498, at *4 (E.D. Pa. Jan. 23, 2004). Lacey contends, based on language in *White*, that this result perverts congressional intent because the receipt of back pay does not compensate for the injury or punish the offending conduct. This is not for the Court to weigh. The Court believes that the statute is clear, and the Supreme Court's ruling in *White* regarding Title VII is unavailing. The Court **DENIES** this portion of the Motion.

## SINGLE COMMISSION REQUIREMENT

Lacey petitions for reconsideration of the Court's grant of summary judgment against his claim of discrimination in the application of the single commission requirement to him. He advances arguments and relies upon record evidence not previously made or brought to the Court's attention, without showing good cause for their consideration. Although Lacey has new counsel, and his prior counsel died after he filed a response to the City of DeSoto's Motion for Summary Judgment, these facts do not constitute good cause. A motion filed pursuant to Rule 59(e) is an "inappropriate [vehicle] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Does*, 204 F.3d at 1012. Therefore, the Court declines to consider Lacey's new positions and **DENIES** this portion of his Motion.

## AGE DISCRIMINATION

Lacey argues that the Court erred in finding the denial of his lateral transfer request not to be an adverse employment action within the meaning of the ADEA's anti-discrimination provision. *See* 29 U.S.C. § 623(a). He directs the Court to *White*, once again, for support. *White*'s holding—which broadened the scope of actionable conduct under Title VII's anti-

retaliation provision—was based on a textual comparison of the anti-discrimination and anti-retaliation provisions. *White*, 126 S. Ct. at 2410–12. In relevant part, the text of the ADEA's anti-discrimination and anti-retaliation provisions is nearly identical to the text of the Title VII counterparts. *Compare* 29 U.S.C. § 623(a), (d), *with* 42 U.S.C. § 2000e-2(a), -3(a). Therefore, *White* is only potentially instructive, if at all, with respect to ADEA retaliation claims, and it does not cast doubt upon the Court's previous finding that the denial of Lacey's lateral transfer request was not an adverse employment action under the ADEA's anti-discrimination provision. *See Hughes v. Texas Keg Steakhouse & Bar, Inc.*, No. 3:05-CV-0061-M, 2006 WL 708158, at * 3 (N.D. Tex. Mar. 21, 2006) (Lynn, J.). This aspect of the Motion is therefore **DENIED**.

## RES JUDICATA

In granting summary judgment against Lacey's claims based on the City of DeSoto's decision not to promote him to Corporal, the Court relied upon the doctrine of res judicata. The facts relevant to reconsideration of the judgment are as follows. In September 2003, the City of DeSoto ("City") posted a notice indicating that five persons would be selected for the newly created position of Corporal. Lacey was passed over for promotion in favor of considerably younger officers, despite having earned the second highest score on the application exam. Before the City of DeSoto Firefighters' and Police Officers' Civil Service Commission ("Commission"), a state administrative agency created by chapter 143 of the Texas Local Government Code, he challenged the City's decision not to promote him as discriminatory and invalid. The Commission affirmed the City's decision, and Lacey appealed to a state district court pursuant to section 143.015 of the Texas Local Government Code. The state court rejected the appeal, finding that substantial evidence supported the Commission's judgment and no illegality tainted

it. Lacey later filed suit in this Court alleging, *inter alia*, that the City's failure to promote him to Corporal violated the age discrimination and retaliation provisions of the ADEA. *See* 29 U.S.C. § 623(a), (d). The City urged the Court to dismiss these claims under the doctrines of issue and claim preclusion. The Court accorded claim preclusive effect to the state court judgment, finding that Lacey's federal discrimination and retaliation claims were barred, as they were not asserted alongside the challenge of the Commission's decision in state court.

Lacey now argues that this Court should not have barred his federal claims because the state court did not have jurisdiction to hear anything beyond the appeal of the Commission's judgment, and because the state court decision was not on the merits, but rather was limited to "the issues of whether the agency's rul[ing] is free of the taint of any illegality and is reasonably supported by substantial evidence." *City of Houston v. Richard*, 21 S.W.3d 586, 588 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (quoting *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984)) (internal quotation marks omitted). It is beyond question that at least in the context of Title VII, a federal court "should give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim as meritless when the state court's decision would be res judicata in the State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463, 485 (1982). This holds even where the state court review is "merely the last step in the administrative process" and affirms the agency's decision as supported by substantial evidence. *See id.* at 490–91 (Blackmun, J., dissenting). Lacey does not dispute the applicability of *Kremer* to the ADEA, and the Court concludes that *Kremer* controls here. Thus, the issues for the Court are (1) whether Texas courts would give preclusive effect to the state court judgment that

affirmed the Commission's decision and, if so, (2) whether the state court finding bars Lacey's federal claims under either issue or claim preclusion. *See Hughes v. Arveson*, 924 F. Supp. 735, 737 (M.D. La. 1996).

Although the parties have not addressed the first issue, the Court concludes that Texas courts would give preclusive effect to the state court judgment. *See Montgomery v. Blue Cross & Blue Shield of Texas, Inc.*, 923 S.W.2d 147, 150 (Tex. App.—Austin 1996, writ denied) (res judicata applicable where "claims previously determined by an administrative agency"); *Mullinax v. Texarkana Indep. Sch. Dist.*, 252 F.3d 1356, at *2 (5th Cir. 2001) (same for collateral estoppel). Therefore, the only issue unresolved is the actual preclusive effect of the state court judgment. The elements of res judicata are (1) a prior final judgment on the merits, (2) identity of the parties, and (3) a second action based on the same claims raised in the first action.[2] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). In moving for alteration and amendment, Lacey disputes the Court's judgment with respect to the first and third elements only. Lacey argues that the first element cannot be satisfied as the state court reviewed the Commission's decision under the substantial evidence standard of review, and not on the merits. The Supreme Court, however, found preclusion appropriate under similar circumstances in *Kremer*, noting that "[t]here is no requirement that judicial review proceed *de novo* if it is to be preclusive." 456 U.S. at 480 n.21.

The third element, identity of the claims, is satisfied despite Lacey's observation that he

---

[2] The Court previously found claim preclusion based on its conclusion that Lacey should have raised his federal claims alongside the appeal of the Commission's decision. That holding potentially implicated the subject matter jurisdiction of the state court sitting in appellate review of the Commission's decision, as that particular form of res judicata is only appropriate where the additional claims "could have been raised." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The Court requested additional briefing regarding the subject matter jurisdiction of the state court but has concluded that it need not decide the scope of the state court's jurisdiction as the more basic form of res judicata—based on identity of the claims—applies.

raised his federal claims for the first time before this Court. While the decisions of both the Commission and the state court in evaluating Lacey's claims of discrimination and retaliation were based on the Texas Labor Code, and not on the ADEA, the applicable federal and state laws are substantively identical. *McLaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 461–62 (5th Cir. 2005) (§ 21.051 identical to 29 U.S.C. § 623(a)); *Johnson v. City of Houston*, 203 S.W.3d 7, 11 (Tex. App.—Houston [14th Dist.] 2006, pet. filed) (chapter 21 of Texas Labor Code interpreted like Title VII equivalents). Therefore, claim preclusion is appropriate as resolution of the state law claims necessarily resolves the federal claims. *See Kremer*, 456 U.S at 479–80 (finding preclusion appropriate where New York employment discrimination claim was "virtually identical" to the federal counterpart). Thus, the Court **DENIES** Lacey's request to modify its judgment that res judicata bars his discrimination and retaliation claims based on the City's failure to promote him.

Therefore, Lacey's Motion for New Trial and to Amend/Alter Judgment is **DENIED**.

**SO ORDERED**.

January 3, 2007.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**